UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAUREEN O'DONNELL and RICHARD DANIEL McWRIGHT individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIMESHARE RELIEF, INC.; ISOSCELES FOUNDATION; ASTON MARKETING GROUP, INC.; TRANSFER AMERICA, LLC; DAVID MACMILLAN; CINDY MACMILLAN, and Doe Defendants 1-20,<br><br>Defendants. | NO. 13-12665<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227**

### I. INTRODUCTION

1.1   Plaintiffs Maureen O'Donnell and Richard Daniel McWright, individually and as class representatives for a National Class and National Subclass of similarly situated individuals, bring this class action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and allege as follows:

### II. PARTIES

2.1   Plaintiff Maureen O'Donnell is an individual citizen and a resident of Upton, Massachusetts.

2.2   Plaintiff Richard Daniel McWright is an individual citizen and resident of Palm Bay, Florida.

2.3     Defendant Timeshare Relief, Inc. is a California corporation that maintains its principal place of business at 2239 West 190th Street, Torrance, California, 90504. Defendant Timeshare Relief, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.4     Defendant Isosceles Foundation is a California corporation that maintains its principal place of business at 600 Anton Boulevard, Plaza Tower I, 11th Floor, Costa Mesa California, 92626.  Defendant Isosceles Foundation's registered agent advertises that it works with Defendant Aston Marketing Group.  Defendant Isosceles Foundation is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.5     Defendant Transfer America, LLC is a California corporation that maintains its principal place of business at 2239 West 190th Street, Torrance, California, 90504. According to the California Secretary of State, as of the date of the filing of the Complaint, Transfer America LLC's business status in California is identified as "canceled."  Defendant Transfer America, LLC is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.6     Defendant Aston Marketing Group, Inc. is a California corporation that maintains its principal place of business at 2239 West 190th Street, Torrance, California, 90504.  According to the California Secretary of State, as of the date of the filing of the Complaint, Aston Marketing Group Inc.'s business status in California is identified as "suspended."  Defendant Aston Marketing Group, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.7     Defendant David MacMillan is the founder and President of Timeshare Relief, Inc., Aston Marketing Group, Inc., Transfer America, LLC and the fictional entity Right Choice Transfer.  Defendant David MacMillan is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.8     Defendant Cindy MacMillan is the founder and Vice President of Timeshare Relief, Inc., Aston Marketing Group, Inc., Transfer America, LLC and the fictional entity Right Choice Transfer.  Defendant Cindy MacMillan is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.9     On information and belief, Right Choice Transfer is a fictional entity not registered or licensed to conduct business in any state, is a doing-business-name of Defendant Time Share Relief, Inc., and is operated by Defendants David and Cindy MacMillan.

2.10    On information and belief, Defendants Timeshare Relief, Inc., Isosceles Foundation, Aston Marketing Group, Inc., Transfer America, LLC, David MacMillan, and Cindy MacMillan and the fictional entity Right Choice Transfer are alter egos of each other, and a unity of interest and ownership exists between the Defendants and the doing-business-as entities such that any separateness has ceased to exist, there is a commingling of property rights or interests such that Defendants function as one, and Defendants have acted in concert in doing the things alleged herein.  In addition, upon information and belief, the conduct that gives rise to the claims for relief alleged herein was committed by, or on behalf of, each Defendant and harmed Plaintiffs and the proposed Classes.  Therefore, to avoid an unjustified loss to Plaintiffs and the Classes,

or to avoid oppression, fraud, and inequity, recognition of Defendants' separate corporate status should be disregarded.

2.11  On information and belief, Defendants Timeshare Relief, Inc., Aston Marketing Group, Inc., Transfer America, LLC, and Right Choice Transfer share common directors and officers, including Defendants David and Cindy MacMillan. Aston Marketing Group, Right Choice Transfer, and Transfer America also claim to maintain corporate headquarters at the same location as Defendant Timeshare Relief, Inc., at 2239 West 190th Street, Torrance, California, 90504.

2.12  The websites for Timeshare Relief, Inc., Right Choice Transfer, Transfer America, and Aston Marketing Group all exist on the same IP address, and maintain a common root server, domain registration, administration and hosting.  In addition, the websites for Timeshare Relief, Right Choice Transfer and Transfer America, www.rightchoicetransfer.com, www.transferamerica.net, timesharereliefnow.com, appear nearly identical, including identical pictures and descriptions of the roles of Defendants David and Cindy MacMillan, identical customer testimonials, and virtually identical descriptions of the business and services provided.

2.13  On information and belief, Defendant Isosceles Foundation's registered agent in California identified himself as working for Aston Marketing Group. Additionally, the Isosceles Foundation regularly directs callers to rightchoicetransfer.com.

2.14  The true names and capacities of Does 1 through 20, inclusive, whether individual, corporate, partnership, associate or otherwise, are presently unknown to

Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs allege, based upon information and belief, that each Defendant is responsible in some manner for the events described herein and are liable to Plaintiffs for the damages they have incurred. Plaintiffs will amend this Complaint to show the true names and capacities of the Doe Defendants when the same have been ascertained.

### III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction under 28 U.S.C § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

3.2     This Court has personal jurisdiction over Defendants because they regularly do business in Massachusetts and many of the wrongful acts alleged herein were committed in Massachusetts.

3.3     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the wrongful acts alleged in the Complaint occurred in this judicial District.

### IV. FACTUAL ALLEGATIONS

4.1     Defendant Timeshare Relief, Inc., Transfer America, LLC and Right Choice Transfer are organizations that purport to help timeshare owners, for payment of a separate fee to them, eliminate timeshare-related fees. On information and belief, part of Defendants' strategy for increasing the volume of its customers involves using pre-recorded telephone calls to solicit business, including through the use of automatic

telephone dialing systems ("ATDS").  Many of these calls are made to recipients who have not consented to receive such calls.

4.2   Defendant Isosceles Foundation is an organization that purports to help timeshare owners eliminate timeshare-related fees by paying a separate fee.  On information and belief, Defendant Aston Marketing Group also assists in the effort to solicit business for Defendant Timeshare Relief, Inc., through the use of automatic telephone dialing systems.

4.3   On or about August 1, 2013, Plaintiff Maureen O'Donnell received a call on her residential telephone line.  The call consisted of a pre-recorded message delivered by ATDS.  The prerecorded message said words to the effect that "you now qualify to eliminate your time share maintenance fees."  The pre-recorded message urged Plaintiff to call 1-888-881-0116.  Upon information and belief, calling the number on the pre-recorded message, 1-888-881-0116, reaches Defendant Isosceles Foundation.  Upon information and belief, Defendant Isosceles Foundation directs people to websites, information and/or services operated by Defendant TimeShare Relief, Inc., including websites for Defendant Transfer America and Right Choice Transfer.  On September 3, 2013, Plaintiff O'Donnell received an additional call consisting of a similar pre-recorded message instructing her to call 1-888-881-0116.

4.4   The calls to Plaintiff O'Donnell's residential telephone were made for the purpose of commercial solicitation, soliciting Plaintiff to pay timeshare related fees to Defendants.  In listening to the prerecorded messages, Plaintiff understood that the calls were for the purpose of a commercial solicitation.

4.5 Plaintiff O'Donnell's residential telephone number has been on the national Do-Not-Call Registry since February 4, 2008. Plaintiff O'Donnell had received at least two prior pre-recorded solicitation calls to her residential telephone line, including on August 1, 2013, August 17, 2013, and September 3, 2013 made by or on behalf of Defendants within the preceding twelve months.

4.6 Plaintiff O'Donnell did not provide prior consent, express or implied, to the receipt of ATDS solicitation calls from the Defendants. Plaintiff O'Donnell did not have an established business relationship with any Defendant and did not own a timeshare.

4.7 On or about August 2, 2013, Plaintiff Richard McWright received a call on his residential telephone line. The call consisted of a pre-recorded message delivered by ATDS. The prerecorded message said words to the effect that "you now qualify to eliminate your time share maintenance fees." The pre-recorded message urged Plaintiff to call 1-888-881-0116. On August 29 and September 3, 2013, Plaintiff McWright received additional calls consisting of similar pre-recorded messages instructing him to call 1-888-881-0116.

4.8 Upon information and belief, calling the number on the pre-recorded message, 1-888-881-0116, reaches Defendant Isosceles Foundation. Upon information and belief, Defendant Isosceles Foundation directs people to websites, information and/or services operated by Defendant TimeShare Relief, Inc., including websites for Defendant Transfer America and Right Choice Transfer.

4.9 These calls to Plaintiff McWright's residential telephone were made for the purpose of commercial solicitation, soliciting Plaintiff to pay timeshare related fees to

Defendants.  In receiving the ATDS calls and listening to the prerecorded messages, Plaintiff understood that the calls were for the purpose of a commercial solicitation.

4.10  Plaintiff McWright's residential telephone number has been on the national Do-Not-Call Registry for over two years.  Plaintiff McWright had received at least two prior pre-recorded solicitation calls to his residential telephone line made by or on behalf of Defendants within the preceding twelve months, including calls on August 2, 29, and September 3, 2013.

4.11  Plaintiff McWright did not provide prior consent, express or implied, to the receipt of ATDS solicitation calls from the Defendants.  Plaintiff McWright did not have an established business relationship with any Defendant and did not own a timeshare.

## V.  CLASS ACTION ALLEGATIONS

5.1   <u>Class Definition</u>. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a class (the "Class") defined as follows:

> <u>National Residential Telephone Class</u>:  All persons in the United States who received a call on their residential telephone line with a pre-recorded message marketing Defendants' products or services initiated by or on behalf of Defendants, or their agents or affiliates, and without the recipients' prior express consent, at any time for the period that begins 4 years from the date of the Complaint to trial
>
> <u>National Do-Not-Call Subclass</u>:  All persons in the United States who received two or more telephone calls marketing Defendants' products or services initiated by or on behalf of Defendants, or their agents or affiliates, in a twelve month period after such persons registered their telephone number on the national Do-Not-Call Registry, at any time for the

>    period that begins 4 years from the date of the Complaint to trial.

Excluded from the Class are Defendants, any entity in which a Defendant has a controlling interest or that has a controlling interest in a Defendant, Defendants' employees or agents, legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

    5.2   <u>Numerosity</u>.  The National Residential Telephone Class and the National Do-Not-Call Subclass are each so numerous that joinder of all members is impracticable. The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.  On information and belief, Defendants have made unsolicited calls to thousands of members of the National Residential Telephone Class and the National Do-Not-Call Subclass.

    5.3   <u>Adequacy</u>.  Plaintiffs will fairly and adequately represent and protect the interests of the Classes.  Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so.  Neither Plaintiffs, nor their counsel, have any interest adverse to those of the other members of the Classes or each other.

    5.4   <u>Superiority</u>.  Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple

individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

5.5   <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the National Residential Telephone Class and the National Do-Not-Call Subclass.   The factual and legal bases of Defendants' liability to Plaintiffs and to the other members of the Classes are the same, arising out of the same common course of conduct. Plaintiffs and members of the classes have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct. Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

5.6   <u>Commonality</u>. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the National Residential Telephone Class and the National Do-Not-Call Subclass, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include but are not limited to the following:

     a.   Whether Defendants and/or their agents, affiliates and/or others acting on Defendants' behalf making two or more telephone calls marketing Defendants' products or services to persons who registered their telephone number on the national Do-Not-Call Registry violated 47 U.S.C. § 227 and 46 C.F.R. § 64.1200;

     b.   Whether Defendants and/or their agents, affiliates and/or others acting on Defendants' behalf making calls to residential telephone lines with a pre-

recorded message marketing Defendants' products or services without the recipients' prior express consent violated 47 U.S.C. § 227 and 46 C.F.R. § 64.1200;

   c. Whether Defendants and/or their agents, affiliates and/or others acting on Defendants' behalf should be enjoined from violating 47 U.S.C. § 227 and 46 C.F.R. § 64.1200 in the future; and

   d. Whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

 5.7 <u>Predominance</u>.  Defendants engaged in a common course of conduct toward Plaintiffs and the Classes.  The common issues arising from the conduct that affect Plaintiffs and the Classes predominate over any individual issues.

**VI. FIRST CLAIM FOR RELIEF**
**(VIOLATION OF 47 U.S.C. § 227(B)(1)(B) ON BEHALF OF PLAINTIFFS AND THE NATIONAL RESIDENTIAL TELEPHONE CLASS)**

 6.1 Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

 6.2 The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B) in initiating a telephone call to residential telephone lines using an artificial or prerecorded voice without the prior express consent of the called party.

 6.3 As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's negligent and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), Plaintiffs and members of the National Residential

Telephone Class are entitled to an award of $500 in statutory damages for each and every negligent negligent call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and treble damages of up to $1,500 for each and every knowing and/or willful negligent call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

6.4   Plaintiffs are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(B), in the future.

### VII.  SECOND CLAIM FOR RELIEF
(Violation of 47 C.F.R. § 64.1200(c)(2) on Behalf of Plaintiffs and members of the National Do-Not-Call Subclass)

7.1   Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

7.2   The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 C.F.R. § 64.1200(c)(2), including for making  two or more telephone calls in a twelve month period after such persons registered their telephone number on the national Do-Not-Call Registry.

7.3   As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's negligent and/or willful violations of the TCPA, 47 C.F.R. § 64.1200 (c)(2), Plaintiffs and members of the National Do-Not-Call Subclass are entitled to an award of $500 in statutory damages for each and every negligent call in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5)(B) and treble

damages of up to $1,500 for each and every knowing and/or willful call in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

7.4   Plaintiffs are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(c)(5), in the future.

## VIII.  RELIEF REQUESTED

Plaintiffs requests the Court enter judgment against Defendants as follows:

A.   An order certifying the Classes as defined above;

B.   An award of actual and statutory damages, including for statutory damages of $500 for each legal violation committed by Defendants, plus treble damages for each intentional and/or willful legal violation;

C.   Granting declaratory, equitable and/or injunctive relief as permitted by law to ensure that Defendants will cease to initiate unsolicited telephone calls;

D.   An award of reasonable attorneys' fees and costs; and

E.   Such further and other relief as the Court deems fair and equitable.

## IX.  DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  October 22, 2013

Respectfully submitted,

BAILEY & GLASSER LLP

By: */s/ John Roddy*
John Roddy, BBO # 424240
Email:  jroddy@baileyglasser.com
125 Summer Street, Suite 1030
Boston, Massachusetts 02110
Telephone: (617) 439-6730
Facsimile:  (617) 951-3954

Beth E. Terrell (to be admitted *pro hac vice*)
Email: bterrell@tmdwlaw.com
Whitney B. Stark (to be admitted *pro hac vice*)
Email:  wstark@tmdwlaw.com
Michael D. Daudt (to be admitted *pro hac vice*)
Email:  mdaudt@tmdwlaw.com
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

Stefan Coleman
Email: law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
201 South Biscayne Boulevard, 28th Floor
Miami, Florida  33131
Telephone: (877) 333-9427
Facsimile:  (888) 498-8946

*Attorneys for Plaintiffs and Proposed Class*