## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **MAUREEN O'DONNELL and** <br> **RICHARD DANIEL MCWRIGHT** <br> **individually and on behalf of all others** <br> **similarly situated,** | ) <br> ) <br> ) <br> ) <br> ) | |
| **Plaintiffs,** | ) <br> ) | **Case No. 13-cv-12665-TSH** |
| **V.** | ) <br> ) | |
| **TIMESHARE RELIEF, INC.;** <br> **ISOSCELES FOUNDATION;** <br> **ASTON MARKETING GROUP, INC.;** <br> **TRANSFER AMERICA, LLC;** <br> **DAVID MACMILLAN;** <br> **CINDY MACMILLAN;** <br> **and DOE Defendants 1-20,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| **Defendants.** | ) <br> ) | |

## ANSWER TO COMPLAINT BY TIMESHARE RELIEF, INC. DBA ASTON MARKETING GROUP, INC. AND DBA TRANSFER AMERICA, LLC; DAVID MACMILLAN; AND CINDY MACMILLAN

Defendant Timeshare Relief, Inc., dba Aston Marketing Group, Inc., and dba Transfer America, LLC; and Defendants David MacMillan and Cindy MacMillan; (collectively "Responding Defendants"), for themselves and no others, hereby respond to the individually numbered paragraphs of the Complaint of Plaintiffs Maureen O'Donnell and Richard Daniel McWright ("Complaint") as follows:

### I.  INTRODUCTION

1.1    Plaintiffs Maureen O'Donnell and Richard Daniel McWright, individually and as class representatives for National Class and National Subclass of similarly situated individuals, bring this class action against Defendants for violations of the Telephone Consumer Protection

Act, 47  USC § 227 ("TCPA"), and allege as follows:

**ANSWER:**(1.1)      Responding Defendants admit that Plaintiffs Maureen O'Donnell and Richard Daniel McWright ("Plaintiffs") have filed this action against Responding Defendants under the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), purportedly on behalf of themselves and a nationwide class, as set forth in paragraph 1.1 of the Complaint. Responding Defendants deny that Plaintiffs have adequately alleged facts sufficient to support any such causes of action or that Responding Defendants are liable for any such causes of action.

## II. PARTIES

2.1     Plaintiff Maureen O'Donnell is an individual citizen and a resident of Upton, Massachusetts.

**ANSWER:** (2.1)      Responding Defendants have insufficient information to form a belief as to the truth of the allegations of this paragraph, and, therefore, deny the same.

2.2     Plaintiff Richard Daniel McWright is an individual citizen and resident of Palm Bay, Florida.

**ANSWER:** (2.2)      Responding Defendants have insufficient information to form a belief as to the truth of the allegations of this paragraph, and, therefore, deny the same.

2.3     Defendant Timeshare Relief, Inc. is a California corporation that maintains its principal place of business at 2239 West 190th Street, Torrance, California, 90504.  Defendant Timeshare Relief, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** (2.3)      Responding Defendants admit that Timeshare Relief, Inc., is a California corporation that maintains its principal place of business at 2239 West 190th Street, Torrance, California, 90504.  The remainder of the allegations contain legal conclusions as to

2

which no response is required, and to the extent that a response is deemed required, Responding Defendants deny such allegations.

2.4     Defendant Isosceles Foundation is a California corporation that maintains its principal place of business at 600 Anton Boulevard, Plaza Tower I, 11th Floor, Costa Mesa, California, 92626.  Defendant Isosceles Foundation's registered agent advertises that it works with Defendant Aston Marketing Group.  Defendant Isosceles Foundation is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** (2.4)     Responding Defendants admit that Defendant Isosceles Foundation is a California non-profit corporation and that the California Secretary of State shows a principal place of business at 600 Anton Boulevard, Plaza Tower I, 11th Floor, Costa Mesa, California, 92626. Responding Defendants admit that the registered agent for Defendant Isosceles Foundation has provided consulting services for Defendant Timeshare Relief, dba Aston Marketing Group. The remainder of the allegations contain legal conclusions as to which no response is required, and to the extent that a response is deemed required, Responding Defendants deny such allegations.

2.5     Defendant Transfer America, LLC is a California corporation that maintains its principal place of business at 2239 West 190th Street, Torrance, California, 90405.  According to the California Secretary of State, as of the date of the filing of the Complaint, Transfer America LLC's business status in California is identified as "canceled."  Defendant Transfer America, LLC is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** (2.5)     Responding Defendants admit that Timeshare Relief, Inc., does business as Transfer America and that it maintains its principal place of business at 2239 West 190th Street, Torrance, California, 90405, and denies to the extent that the Complaint implies that

Transfer America LLC was ever a fully formed corporation. Responding Defendants admit that as of the date of the filing of this Answer, the California Secretary of State lists the status of an entity identified as Transfer America, LLC, as "cancelled." The remainder of the allegations contain legal conclusions as to which no response is required, and to the extent that a response is deemed required, Responding Defendants deny such allegations.

2.6     Defendant Aston Marketing Group, Inc. is a California corporation that maintains its principal place of business at 2239 West 190th Street, Torrance, California, 90504.  According to the California Secretary of State, as of the date of the filing of the Complaint, Aston Marketing Group Inc.'s business status in California is identified as "suspended."  Defendant Aston Marketing Group, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:**(2.6)     Responding Defendants admit that Timeshare Relief, Inc., does business as Aston Marketing Group, and maintains its principal place of business at 2239 West 190th Street, Torrance, California, 90405, and denies to the extent that the Complaint implies that Aston Marketing Group, Inc. was ever a fully formed corporation. Responding Defendants admit that as of the date of the filing of this Answer, the California Secretary of State lists the status of an entity identified as Aston Marketing Group Inc., as "suspended."  The remainder of the allegations contain legal conclusions as to which no response is required, and to the extent that a response is deemed required, Responding Defendants deny such allegations.

2.7     Defendant David MacMillan is the founder and President of Timeshare Relief, Inc., Aston Marketing Group, Inc., Transfer America, LLC and the fictional entity Right Choice Transfer.  Defendant David MacMillan is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

4

**ANSWER:** (2.7)      Responding Defendants admit that Defendant David MacMillan is the founder and President of Timeshare Relief and its dbas Aston Marketing Group and Transfer America, and is the founder and President of an entity that does business as Right Choice Transfer. The remainder of the allegations contain legal conclusions as to which no response is required, and to the extent that a response is deemed required, Responding Defendants deny such allegations.

2.8      Defendant Cindy MacMillan is the founder and Vice President of Timeshare Relief, Inc., Aston Marketing Group, Inc., Transfer America, LLC and the fictional entity Right Choice Transfer.   Defendant Cindy MacMillan is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

**ANSWER:** (2.8)      Responding Defendants admit that Defendant Cindy MacMillan is a founder of Timeshare Relief, Inc. and its dba's Aston Marketing Group and Transfer America, and of Right Choice Transfer.  Responding Defendants deny that Defendant Cindy MacMillan is the Vice President of Timeshare Relief, Inc., or of its dba's Aston Marketing Group and Transfer America, or of Right Choice Transfer. The remainder of the allegations contain legal conclusions as to which no response is required, and to the extent that a response is deemed required, Responding Defendants deny such allegations.

2.9      On information and belief, Right Choice Transfer is a fictional entity not registered or licensed to conduct business in any state, is a doing-business-name of Defendant Timeshare Relief, Inc., and is operated by Defendants David and Cindy MacMillan.

**ANSWER:**(2.9)      Responding Defendants deny that Right Choice Transfer is a fictional entity not registered or licensed to conduct business in any state, or that Right Choice Transfer is a doing-business-name of Defendant Timeshare Relief, Inc. Responding Defendants

admit that Right Choice Transfer is operated by Defendants David and Cindy MacMillan.

2.10    On information and belief, Defendants Timeshare Relief, Inc., Isosceles Foundation, Aston Marketing Group, Inc., Transfer America, LLC, David MacMillan, and Cindy MacMillan and the fictional entity Right Choice Transfer are alter egos of each other, and a unity of interest and ownership exists between the Defendants and the doing-business-as entities such that any separateness has ceased to exist, there is a commingling of property rights or interests such that Defendants function as one, and Defendants have acted in concert in doing the things alleged herein.  In addition, upon information and belief, the conduct that gives rise to the claims for relief alleged herein was committed by, or on behalf of, each Defendant and harmed Plaintiffs and the proposed Classes.  Therefore, to avoid an unjustified loss to Plaintiffs and the proposed Classes, or to avoid oppression, fraud, and inequity, recognition of Defendants' separate corporate status should be disregarded.

**ANSWER:** (2.10)    Responding Defendants admit that Defendant Timeshare Relief, Inc., is doing business as Aston Marketing Group and Transfer America. Responding Defendants deny that Defendants Timeshare Relief, Inc., Isosceles Foundation, David MacMillan, Cindy MacMillan, and Right Choice Transfer are alter egos of each other, that a unity of interest and ownership exists between the Defendants and the doing-business-as entities such that any separateness has ceased to exist, that there is a commingling of property rights or interests such that Defendants function as one, or that Defendants have acted in concert in doing the things alleged herein.  To the extent that any of the conduct that gives rise to the claims for relief alleged herein was committed by or on behalf of any of the Responding Defendants, Responding Defendants deny that Plaintiff and the proposed Classes were thereby harmed. Responding Defendants deny that recognition of Defendants' separate corporate status should be disregarded.

2.11    On information and belief, Defendants Timeshare Relief, Inc., Aston Marketing Group, Inc., Transfer America, LLC, and Right Choice Transfer share common directors and officers, including Defendants David and Cindy MacMillan.  Aston Marketing Group, Right Choice Transfer, and Transfer America also claim to maintain corporate headquarters at the same location as Defendant Timeshare Relief, Inc., at 2239 West 190th Street, Torrance, California, 90504.

**ANSWER:**(2.11)    Responding Defendants admit that David MacMillan and Cindy MacMillan are directors and officers of Defendant Timeshare Relief, Inc. and its dbas, Aston Marketing Group and Transfer America, and of Right Choice Transfer, and that Timeshare Relief and Right Choice Transfer's corporate headquarters are at 2239 West 190th Street, Torrance, California, 90504.

2.12    The websites for Timeshare Relief, Inc., Right Choice Transfer, Transfer America, and Aston Marketing Group all exist on the same IP address, and maintain a common root server, domain registration, administration and hosting.  In addition, the websites for Timeshare Relief, Right Choice Transfer and Transfer America, www.rightchoicetransfer.com, www.transferamerica.net, timesharereliefnow.com, appear nearly identical, including identical pictures and descriptions of the roles of Defendants David and Cindy MacMillan, identical customer testimonials, and virtually identical descriptions of the business and services provided.

**ANSWER:**(2.12)    Responding Defendants admit that Timeshare Relief, Inc., does business as Transfer America, and Aston Marketing Group; and that Timeshare Relief, Inc., and Right Choice Transfer share common ownership. Responding Defendants deny that the websites, www.rightchoicetransfer.com,    www.transferamerica.net,    timesharereliefnow.com,    "appear nearly identical."

7

2.13    On information and belief, Defendant Isosceles Foundation's registered agent in California identified himself as working for Aston Marketing Group.  Additionally, the Isosceles Foundation regularly directs callers to rightchoicetransfer.com.

**ANSWER:** (2.13)     Responding Defendants admit to the extent Defendant Isosceles Foundation's current registered agent at one time worked for Aston Marketing Group, otherwise deny that Defendant Isosceles Foundation's registered agent worked for Aston Marketing Group at the time that he became the registered agent of Isosceles Foundation or thereafter. Responding Defendants deny that Isosceles Foundation currently directs callers to rightchoicetransfer.com.

2.14    The true names and capacities of Does 1 through 20, inclusive, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs allege, based upon information and belief, that each Defendant is responsible in some manner for the events described herein and are liable to Plaintiffs for the damages they have incurred.  Plaintiffs will amend this Complaint to show the true names and capacities of the Doe Defendants when the same have been ascertained.

**ANSWER:** (2.14)     The allegations contained in this paragraph contain legal conclusions as to which no response is required.

### III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227et seq., which is a federal statute.

**ANSWER:** (3.1)     The allegations contained in this paragraph contain legal conclusions as to which no response is required.

8

3.2     This Court has personal jurisdiction over Defendants because they regularly do business in Massachusetts and many of the wrongful acts alleged herein were committed in Massachusetts.

**ANSWER:** (3.2)     Responding Defendants admit that Defendant Timeshare Relief, Inc. has done business in Massachusetts. Responding Defendants deny that this Court has personal jurisdiction over David MacMillan and Cindy MacMillan or that David MacMillan and Cindy MacMillan regularly do business in Massachusetts in any individual capacity. Responding Defendants deny that they violated the TCPA or that they committed the wrongful acts alleged in the Complaint. The remaining allegations contained in this paragraph contain legal conclusions as to which no response is required.

3.3     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the wrongful acts alleged in the Complaint occurred in this judicial District.

**ANSWER:** (3.3)     Responding Defendants deny that they violated the TCPA or that they committed the wrongful acts alleged in the Complaint. The remainder of the allegations contain legal conclusions as to which no response is required, and to the extent that a response is deemed required, Responding Defendants deny such allegations.

**IV. FACTUAL ALLEGATIONS**

4.1     Defendant Timeshare Relief, Inc., Transfer America, LLC and Right Choice Transfer are organizations that purport to help timeshare owners, for payment of a separate fee to them, eliminate timeshare-related fees.  On information and belief, part of Defendants' strategy for increasing the volume of its customers involves using, pre-recorded telephone calls to solicit business, including, through the use of automatic telephone dialing systems ("ATDS").  Many of

these calls are made to recipients who have not consented to receive such calls.

**ANSWER:**(4.1)     Responding Defendants admit that Defendant Timeshare Relief, Inc., doing business as Aston Marketing Group and Transfer America helps timeshare owners eliminate timeshare-related fees.  Responding Defendants deny that Responding Defendants made pre-recorded telephone calls to solicit business, including, through the use of automatic telephone dialing systems ("ATDS").

4.2     Defendant Isosceles Foundation is an organization that purports to help timeshare owners eliminate timeshare-related fees by paying a separate fee.  On information and belief, Defendant Aston Marketing Group also assists in the effort to solicit business for Defendant Timeshare Relief, Inc., through the use of automatic telephone dialing systems.

**ANSWER:**(4.2)     Responding Defendants admit that Defendant Timeshare Relief, Inc., doing business as Aston Marketing Group helps timeshare owners eliminate timeshare-related fees.  Responding Defendants deny that Timeshare Relief, Inc. or its dba, Aston Marketing Group, used automatic telephone dialing systems to leave pre-recorded messages.  Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

4.3     On or about August 1, 2013, Plaintiff Maureen O'Donnell received a call on her residential telephone line.  The call consisted of a pre-recorded message delivered by ATDS.  The prerecorded message said words to the effect that "you now qualify to eliminate your time share maintenance fees."  The pre-recorded message urged Plaintiff to call 1-888-881-0116, reaches Defendant Isosceles Foundation.  Upon information and belief, Defendant Isosceles Foundation directs people to websites, information and/or services operated by Defendant Timeshare Relief, Inc., including websites for Defendant Transfer America and Right Choice

10

Transfer.  On September 3, 2013, Plaintiff O'Donnell received an additional call consisting of a similar pre-recorded message instructing her to call 1-888-881-0116.

**ANSWER:**(4.3)	Responding Defendants deny that they made ATDS solicitation calls to Plaintiff O'Donnell. Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

4.4	The calls to Plaintiff O'Donnell's residential telephone were made for the purpose of commercial solicitation, soliciting Plaintiff to pay timeshare related fees to Defendants.  In listening to the prerecorded messages, Plaintiff understood that the calls were for the purpose of a commercial solicitation.

**ANSWER:**(4.4)	Responding Defendants deny that they made ATDS solicitation calls to Plaintiff O'Donnell. Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

4.5	Plaintiff O'Donnell's residential telephone number has been on the national Do-Not-Call Registry since February 4, 2008.  Plaintiff O'Donnell had received at least two prior pre-recorded solicitation calls to her residential telephone line, including on August 1, 2013, August 17, 2013, and September 3, 2013 made by or on behalf of Defendants within the preceding twelve months.

**ANSWER:**(4.5)	Responding Defendants deny that they made ATDS solicitation calls to Plaintiff O'Donnell. Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

4.6	Plaintiff O'Donnell did not provide prior consent, express or implied, to the receipt of ATDS solicitation calls from the Defendants.  Plaintiff O'Donnell did not have an established business relationship with any Defendant and did not own a timeshare.

**ANSWER:**(4.6)     Responding Defendants deny that they made ATDS solicitation calls to Plaintiff O'Donnell. Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

4.7     On or about August 2, 2013, Plaintiff Richard McWright received a call on his residential telephone line.  The call consisted of a pre-recorded message delivered by ATDS. The prerecorded message said words to the effect that "you now qualify to eliminate your time share maintenance fees."  The pre-recorded message urged Plaintiff to call 1-888-881-0116.

**ANSWER:**(4.7)     Responding Defendants deny that they made ATDS solicitation calls to Plaintiff Richard McWright. Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

4.8     Upon information and belief, calling the number on the pre-recorded message, 1-888-881-0116, reaches Defendant Isosceles Foundation.   Upon information and belief, Defendant Isosceles Foundation directs people to websites, information and/or services operated by Defendant timeshare Relief, Inc., including websites for Defendant Transfer America and Right Choice Transfer.

**ANSWER:**(4.8)     Responding Defendants deny that calling the number on the pre-recorded message, 1-888-881-0116, reaches Defendant Isosceles Foundation, or that Defendant Isosceles Foundation directs callers to websites, information and/or services operated by Defendant Timeshare Relief, Inc., including websites for Defendant Transfer America and Right Choice Transfer.

4.9     These calls to Plaintiff McWright's residential telephone were made for the purpose of commercial solicitation, soliciting Plaintiff to pay timeshare related fees to Defendants.  In receiving the ATDS calls and listening to the prerecorded messages, Plaintiff understood that the calls were for the purpose of a commercial solicitation.

**ANSWER:**(4.9)     Responding Defendants deny that they made ATDS solicitation calls to Plaintiff McWright's residential telephone. Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

4.10    Plaintiff McWright's residential telephone number has been on the national Do-Not-Call Registry for over two years.  Plaintiff McWright had received at least two prior pre-recorded solicitation calls to his residential telephone line made by or on behalf of Defendants within the preceding twelve months, including calls on August 2, 29, and September 3, 2013.

**ANSWER:**(4.10)     Responding Defendants deny that they made ATDS solicitation calls to Plaintiff McWright. Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

4.11    Plaintiff McWright did not provide prior consent, express or implied, to the receipt of ATDS solicitation calls from the Defendants. Plaintiff McWright did not have an established business relationship with any Defendant and did not own a timeshare.

**ANSWER:**(4.11)     Responding Defendants deny that they made ATDS solicitation calls to Plaintiff McWright. Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

## V. CLASS ACTION ALLEGATIONS

5.1     Class Definition, Plaintiffs bring this action pursuant to Federal Rule of Civil

Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a class (the "Class") defined

as follows:

> National Residential Telephone Class:  All persons in the
> United States who received a call on their residential
> Telephone line with a pre-recorded message marketing
> Defendants' products or services initiated by or on behalf of
> Defendants, or their agents or affiliates, and without the
> recipients' prior express consent, at any time for the period
> that begins 4 years from the date of the Complaint to trial.

> National Do-Not-Call Subclass:  All persons in the United
> States who received two or more telephone calls marketing
> Defendants' products or services initiated by or on behalf of
> Defendants, or their agents or affiliates, in a twelve month
> Period after such persons registered their telephone number
> On the national Do-Not-Call Registry, at any time for the
> Period that begins 4 years from the date of the Complaint to
> Trial.

**ANSWER:**(5.1)       Responding Defendants admit that Plaintiffs purport to bring this

action pursuant to FRCP 23(b)(2) and FRCP 23(b)(3) on behalf of themselves and a class

consisting of persons residing in the United States of America who allegedly received telephone

calls by or on behalf of one or more of the Responding Defendants. Responding Defendants deny

the remaining allegations.

5.2     Numerosity.  The National Residential Telephone Class and the National Do-Not-

Call Subclass are each so numerous that joinder of all members is impracticable.  The disposition

of the claims of the Class in a single action will provide substantial benefits to all parties and the

Court.   On information and belief, Defendants have made unsolicited calls to thousands of

members of the National Residential Telephone Class and the National Do-Not-Call Subclass.

**ANSWER:**(5.2)    Responding Defendants deny that the precise number of potential members of the proposed class, and the identity of the members thereof, will be ascertainable from Responding Defendants' business records. Responding Defendants have insufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and, therefore, deny the same.

5.3    Adequacy.  Plaintiffs will fairly and adequately represent and protect the interests of the Classes.  Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiffs, nor their counsel have any interest adverse to those of the other members of the Class or each other.

**ANSWER:**(5.3)    Responding Defendants have insufficient information to form a belief as to the truth of the allegations of this paragraph, and, therefore, deny the same.

5.4    Superiority.  Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

**ANSWER:**(5.4)    Responding Defendants have insufficient information to form a belief as to the truth of the allegations of this paragraph, and, therefore, deny the same.

5.5    Typicality.  Plaintiffs' claims are typical of the claims of the National Residential Telephone Class and the National Do-Not-Call Subclass.  The factual and legal bases of Defendants' liability to Plaintiffs and to the other members of the Classes are the same, arising

out of the same common course of conduct.  Plaintiffs and members of the classes have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct. Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**ANSWER:**(5.5)         Responding Defendants have insufficient information to form a belief as to the truth of the allegations of this paragraph, and, therefore, deny the same.

5.6     Commonality.  There are many questions of law and fact common to the claims of Plaintiffs and the other members of the National Residential Telephone Class and the National Do-Not-Call Subclass, and those questions predominate over any questions that may affect individual members of the Classes.  Common questions for the Classes include but are not limited to the following:

a.       Whether Defendants and/or their agents, affiliates and/or others acting on Defendants' behalf making two or more telephone calls marketing Defendants' products or services to persons who registered their telephone number on the national Do-Not-Call Registry violated 47 U.S.C. §227 and 46 C.R.F. §64.1200;

b.       Whether Defendants and/or their agents, affiliates and/or others acting on Defendants' behalf making calls to residential telephone lines with a prerecorded message marketing Defendants' products or services without the recipients' prior express consent violated 47 U.S.C. §64.1200;

c.       Whether Defendants and/or their agents, affiliates and/or others acting on Defendants' behalf should be enjoined from violating 47 U.S.C.§227 and 46 C.F.R.§64.1200 in the future; and

16

d.      Whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

**ANSWER:**(5.6)      Responding Defendants have insufficient information to form a belief as to the truth of the allegations of this paragraph, and, therefore, deny the same.

5.7     Predominance.   Defendants engaged in a common course of conduct toward Plaintiffs and the Classes. The common issues arising from the conduct that affect Plaintiffs and the Classes predominate over any individual issues.

**ANSWER:**(5.7)      Responding Defendants deny the allegations of this paragraph.

## VI. FIRST CLAIM FOR RELIEF

## (VIOLATION OF 47 USC § 227(B)(1)(B) ON BEHALF OF PLAINTIFFS AND THE NATIONAL RESIDENTIAL TELEPHONE CLASS)

6.1     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

**ANSWER:**(6.1)      Answering paragraph 6.1, Responding Defendants incorporate by reference the admissions and denials contained in paragraphs 1 through 5.7 as if fully set forth herein.

6.2     The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants/ behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. §227(b)(1)(B) in initiating a telephone call to residential telephone lines using an artificial or prerecorded voice without the prior express consent of the called party.

**ANSWER:**(6.2)      The allegations contained in paragraph 6.2 contain legal conclusions as to which no response is required. To the extent that a response is deemed

17

required, Responding Defendants deny the allegations of paragraph 6.2.

6.3     As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's negligent and/or willful violations of the TCPA, 47 U.S.C. §227(b)(1)(B), Plaintiffs and members of the National Residential Telephone Class are entitled to an award of $500 in statutory damages for each and every negligent negligent call in violation of the statute, pursuant to 47 U.S.C. §227(b)(3)(B) and treble damages of up to $1,500 for each and every knowing and/or willful negligent call in violation of the statute, pursuant to 47 U.S.C. §227(b)(3).

**ANSWER:**(6.3)     The allegations contained in paragraph 6.3 contain legal conclusions as to which no response is required. To the extent that a response is deemed required, Responding Defendants deny the allegations of paragraph 6.3.

6.4     Plaintiffs are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating, the TCPA, 47 U.S.C. §227(b)(1)(B), in the future

**ANSWER:**(6.4)     The allegations contained in paragraph 6.4 contain legal conclusions as to which no response is required. To the extent that a response is deemed required, Responding Defendants deny the allegations of paragraph 6.4.

## VII. SECOND CLAIM FOR RELIEF

### (VIOLATION OF 47 CFR § 64.1200(c)(2) ON BEHALF OF PLAINTIFFS AND MEMBERS OF THE NATIONAL DO-NOT-CALL SUBCLASS)

7.1     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

**ANSWER:**(7.1)     Answering paragraph 7.1, Responding Defendants incorporate by

18

reference the admissions and denials contained in paragraphs 1 through 6.4 as if fully set forth herein.

7.2     The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 C.F.R. §64.1200( c)(2), including for making two or more telephone calls in a twelve month period after such persons registered their telephone number on the national Do-Not-Call Registry.

**ANSWER:**(7.2)     The allegations contained in paragraph 7.2 contain legal conclusions as to which no response is required. To the extent that a response is deemed required, Responding Defendants deny the allegations of paragraph 7.2.

7.3     As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's negligent and/or willful violations of TCPA 47 C.R.F. §64.1200( c)(2), Plaintiffs and members of the National Do-Not-Call Subclass are entitled to an award of $500 in statutory damages for each and every negligent call in violation of the statute, pursuant to 47 U.S.C. §227( c)(5)(B) and treble damages of up to $1,500 for each and every knowing and/or willful call in violation of the statute, pursuant to 47 U.S.C. §227(c )(5).

**ANSWER:**(7.3)     The allegations contained in paragraph 7.3 contain legal conclusions as to which no response is required. To the extent that a response is deemed required, Responding Defendants deny the allegations of paragraph 7.3.

7.4     Plaintiffs are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. §227(c )(5), in the future.

**ANSWER:**(7.4)     The allegations contained in paragraph 7.4 contain legal

conclusions as to which no response is required. To the extent that a response is deemed required, Responding Defendants deny the allegations of paragraph 7.4.

## AFFIRMATIVE DEFENSES

Responding Defendants further plead the following separate and additional defenses to the Complaint. By designating the following as affirmative defenses, Responding Defendants do not admit or concede that any such defense is an affirmative defense or that Responding Defendants bear the burden of proof with respect to any such defense.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Neither the Complaint, nor any purported claim for relief contained therein, alleges facts sufficient to state a claim against Responding Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (No Proximate Cause – Third Parties)

2. Third parties, by their acts and conduct, proximately caused or contributed to the alleged damages of which Plaintiffs complain in each of their causes of action, and Responding Defendants' liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties.

## THIRD AFFIRMATIVE DEFENSE

### (No Agency)

3. Third Parties or Doe defendants did not act as Responding Defendants' agents in connection with any of the conduct alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

#### (Consent)

4. Responding Defendants are informed and believe, and on that basis allege that Plaintiffs are barred, in whole or in part, from maintaining the alleged causes of action because they consented to receive calls of the type caused to be sent to them.

### FIFTH AFFIRMATIVE DEFENSE

#### (Estoppel)

5. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

#### (Waiver)

6. Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

#### (TCPA Unconstitutional As Applied)

7. The imposition on Responding Defendants of statutory damages under the TCPA would violate the Due Process provisions of the Fifth and Fourteenth Amendments and/or the excessive fines clause of the Eight Amendment to the United States Constitution and/or the corresponding provisions of the Massachusetts State Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Several Liability for Non-Economic Damages)

8. Plaintiffs' damages, if any, constitute non-economic damages such that Responding Defendants' liability, if any, is limited to the amount of Plaintiffs' damages allocated to Responding Defendants in direct proportion to Responding Defendants' percentage of fault.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9. Plaintiffs are barred from recovery by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

10. Plaintiffs are barred from recovery by the doctrine of laches because Plaintiffs knew of the purported acts or omissions ascribed to Responding Defendants and were fully aware of their rights against Responding Defendants (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of Responding Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11. Plaintiffs' claims are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Standing)

12. Plaintiffs lack standing to bring some or all of the claims in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands/Equity)

13. Plaintiffs are precluded from any recovery from Responding Defendants, or any such recovery must be reduced, as a result of Plaintiffs' failure to do equity in the matters alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis* **Harm**)

14. The contribution of Responding Defendants to Plaintiffs' alleged harm, if any, was *de minimis*.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

15. The actions of which Plaintiffs complain were not injurious to the public, were motivated by legitimate business concerns, and were reasonable in relation to the development and preservation of relevant business interests.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

16. The claims of Plaintiffs and/or others alleged to be putative class members are limited, in whole or in part, by payment, setoff, and/or recoupment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

17. The Court lacks personal jurisdiction over one or more of these Responding Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

18. The claims of Plaintiffs fail to state a valid claim for injunctive relief because Plaintiffs cannot establish, among other things, that they do not have an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

19. Responding Defendants have insufficient information or knowledge upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available, and based thereon, Responding Defendants reserve the right to assert any such affirmative defenses in the event that discovery indicates that they are proper.

WHEREFORE, Responding Defendants pray for relief as follows:

1. That Plaintiffs' Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiffs takes nothing by this action and that judgment be entered against Plaintiffs and in favor of Responding Defendants;

3. That Responding Defendants be awarded all costs incurred in defending this action; and

4. That Responding Defendants be granted such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**DK LAW GROUP**

/s/ David M. Karen
David M. Karen
admitted *pro hac vice*
3155 Old Conejo Road
Thousand Oaks, CA 91320
T: (805) 498-1212
F:(805) 498-3030
dk@dk4law.com

*Of Counsel:*

Nicholas B. Carter (BBO# 561147)
Joseph M. Cacace (BBO# 672298)
TODD & WELD LLP
One Federal Street
Boston, MA 02110
(617) 720-2626
ncarter@toddweld.com
jcacace@toddweld.com

*Counsel for Defendants Timeshare Relief, Inc., Aston Marketing Group, Inc.; Transfer America, LLC; David MacMillan; and Cindy MacMillan*

Dated:  February 18, 2014

## CERTIFICATE OF SERVICE

I, Nicholas B. Carter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated:  February 18, 2014                    /s/ Nicholas B. Carter_____